**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Debtors and Debtors in Possession Nathan and Jessica LaFlesch
By: Kelly G. Black, No. 016376, kblack@jacksonwhitelaw.com
centraldocket@jacksonwhitelaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2:11-bk-26569-EPB; Chapter 11 |
| Nathan James LaFlesch and Jessica Ruth LaFlesch, | **Order Confirming Chapter 11 Plan of Reorganization** |
| Debtors. | Assigned to: Honorable Eddward P. Ballinger |

The Court having reviewed the Plan of Reorganization (Doc 62) filed by Nathan James LaFlesch and Jessica Ruth LaFlesch ("Debtors"), together with their Declaration in Support of Confirmation, and having conducted the confirmation hearing and confirmed the plan at the hearing, makes the findings and orders below.

**I.     Section 1129 Findings**

1.     The Plan of Reorganization complies with the applicable provisions of Title 11, satisfying the requirements of Section 1129(a)(1).

2.     Debtors have complied with the applicable provisions of Title 11, satisfying the requirements of Section 1129(a)(2).

3.     Debtors proposed the Plan in good faith, satisfying the requirements of Section 1129(a)(3).

4.     The Plan meets the requirements of Section 1129(a)(4), requiring court approval for payments to professionals.

5. The Plan discloses the Debtors' post-confirmation management in compliance with Section 1129(a)(5).

6. The provisions of Section 1129(a)(6) are not applicable in this case.

7. The requirements of Section 1129(a)(7) are satisfied with respect to each class.

8. The requirements of Section 1129(a)(8) are satisfied with respect to multiple classes, but not with respect to every class.

9. The Plan satisfies the requirements of Section 1129(a)(9).

10. In compliance with Section 1129(a)(10), Debtors' plan has been accepted by four non-insider classes (Classes 1, 2, 4, and 6), three of which are impaired under the Plan (Classes 1, 4, and 6).

11. The Court finds that the Plan is feasible and can actually be implemented as proposed, in satisfaction of the requirements of Section 1129(a)(11).

12. In compliance with Section 1129(a)(12), the provides that any U.S. Trustee Fees owed on or before the effective date of the Plan will be paid on or before the effective date.

13. Section 1129(a)(13) is not applicable to this case.

14. Section 1129(a)(14) is not applicable because neither Debtor is subject to a domestic support obligation.

15. No holder of an allowed unsecured claim has objected to the confirmation of the plan. Accordingly, Section 1129(a)(15) is not applicable to this case.

16. As Debtors are individuals, and not a nonprofit entity, Section 1129(a)(16) is not applicable to this case.

17. As detailed above, all of the requirements of Section 1129(a) have been met, other than paragraph (8).

18. Debtors have requested confirmation pursuant to Section 1129(b).

19. In compliance with Section 1129(b), the Plan does not discriminate unfairly against any non-consenting class, and is fair and equitable with respect to each non-consenting class.

## II. Orders

IT IS THEREFORE ORDERED confirming the Plan of Reorganization (Doc 62) filed by Debtors Nathan James LaFlesch and Jessica Ruth LaFlesch Plan of Reorganization.

IT IS FURTHER ORDERED that this court shall retain jurisdiction over this case to enforce this Order Confirming Plan of Reorganization and as more fully set forth in the Plan provisions dealing with the retention of jurisdiction.

IT IS FURTHER ORDERED, pursuant to Section 3.01 of the Plan, that the claim of Deutsche Bank National Trust Company as Trustee for the holders of New Centry Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates (Bank of America, N.A.), Proof of Claim 3, filed by Jeremy T. Bergstrom, secured by a first position deed of trust filed in the records of the Maricopa County Recorder on May 17, 2005 at 2005-0650291 against the real property located at 4067 E. Olney Court, Higley, AZ 85236, n.k.a 4067 E. Olney Street, Gilbert, AZ 85234, and more fully described as follows:

> LOT 107, OF RANCHO COLLENE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 562 OF MAPS, PAGE 19.
>
> APN: 304-16-670,

is allowed as a secured claim in the amount of $311,157.19. In the absence of an agreed modification, the following shall govern the treatment of the claim:

> *Cure.* Debtor shall cure any default by paying the pre-petition deficiency of $18,809.78 in equal monthly payments of $137.40 commencing on the effective date of this Plan and continuing through month 119 with a final payment of $2,459.18 in month 120. As of the effective date of this plan, the original maturity of this claim shall be reinstated. The treatment of this claim under the Plan will not otherwise alter the legal, equitable, or contractual rights to which such claimant is entitled.
> *Lien.* Until payments are completed under the terms of this Plan, this class shall maintain its pre-petition lien. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.
> *Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.
> *Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

If Debtors and the holder of the claim agree on a modification of this claim, the terms of the modification shall be deemed incorporated into the plan and will provide the plan treatment for the claim.

IT IS FURTHER ORDERED, pursuant to Section 3.02 of the Plan, that the claim of Rancho Collene Homeowners' Association, secured by rights in the real property located at 4067 E. Olney Court, Higley, AZ 85236, n.k.a 4067 E. Olney Street, Gilbert, AZ 85234, and more fully described as follows:

> LOT 107, OF RANCHO COLLENE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 562 OF MAPS, PAGE 19.
>
> APN: 304-16-670,

will not be allowed as a pre-petition claim or administrative claim through January 11, 2013, as Debtors are current on their obligations. However, confirmation will not affect the Association's rights or the Debtors' obligations under governing Association documents with respect to claims arising after the date of filing this plan. The Plan leaves unaltered the legal, equitable and contractual rights to which the holder of this claim is entitled.

IT IS FURTHER ORDERED, pursuant to Section 4.04(a) of the Plan, that the claim of JPMorgan Bank, N.A., Proof of Claim 8, filed by Lindsey Maiolino, secured by a deed of trust filed in the records of the Maricopa County Recorder on October 7, 2005 at 2005-1499131 against the real property located at 4067 E. Olney Court, Higley, AZ 85236, n.k.a 4067 E. Olney Street, Gilbert, AZ 85234, and more fully described as follows:

> LOT 107, OF RANCHO COLLENE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 562 OF MAPS, PAGE 19.
>
> APN: 304-16-670,

is allowed as a general non-priority unsecured claim in the amount of $152,991.29 although filed as a secured proof of claim. Entry of this order shall have the effect of voiding the deed of trust filed in the records of the Maricopa County Recorder on October 7, 2005 at 2005-1499131. The allowed unsecured claim will be treated as provided in paragraph 3.06 of the Plan.

IT IS FURTHER ORDERED, pursuant to Section 3.03 of the Plan, that the claim of the Pinal County Treasurer, and of any tax lien certificate holders, for 2008 and 2009 property taxes, secured by a tax lien against the real property located at 12337 North Lang Road, Florence Arizona 85232, and more fully described as follows:

> SITUATED IN THE COUNTY OF PINAL AND STATE OF ARIZONA: A PORTION OF THE SOUTHEAST QUARTER OF SECTION 17, TOWNSHIP 5 SOUTH, RANGE 10 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, PINAL COUNTY, ARIZONA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF SAID SECTION 17; THENCE NORTH 00 DEGREES 00 MINUTES 45 SECOND EAST, A DISTANCE OF 825.00 FEET; THENCE NORTH 89 DEGREES 48 MINUTES 47 SECONDS WEST, A DISTANCE OF 531.27 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 15 SECONDS WEST, A DISTANCE OF 206.50 FEET TO THE TRUE POINT OF BEGINNING; THENCE NORTH 89 DEGREES 49 MINUTES 38 SECONDS WEST, A DISTANCE OF 266.67 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 45 SECONDS WEST, A DISTANCE OF 206.44 FEET THENCE SOUTH 89 DEGREES 50 MINUTES 26 SECONDS EAST, A DISTANCE OF 265.70 FEET; THENCE SOUTH 00 DEGREES 00 MINUTES 15 SECONDS EAST, A DISTANCE OF 206.50 FEET TO THE TRUE POINT OF BEGINNING. PERMANENT PARCEL NUMBER: 206-07-004U FIRST AMERICAN ORDER NO: 10843651

APN: 206-07-004U,

Is allowed as a secured claim in the principal amount of $465.86, plus interest incurring after May 1, 2013. The following shall govern the treatment of the claim:

> *Interest.* Interest at the fixed rate of 5% per annum shall accrue on the unpaid principal balance of the allowed secured claim from the effective date of this Plan until the allowed secured claim is paid in full.
> *Payment Schedule.* Within 60 days after the effective date of this Plan, the principal balance of $465.86 shall be paid in full, together with any interest due. All payments shall be applied first to principal, then to interest.
> *Lien.* Until payments are completed under this Plan, this class shall maintain its pre-petition lien. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.
> *Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.
> *Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

IT IS FURTHER ORDERED, pursuant to Section 3.04 of the Plan, that the claim of Goldman Sachs Mortgage Company, Proof of Claim 1, filed by Michael B. Shaw, secured by a first position deed of trust on the real property located at 12337 North Lang Road, Florence Arizona 85232, and more fully described as follows:

SITUATED IN THE COUNTY OF PINAL AND STATE OF ARIZONA: A PORTION OF THE SOUTHEAST QUARTER OF SECTION 17, TOWNSHIP 5 SOUTH, RANGE 10 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, PINAL COUNTY, ARIZONA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF SAID SECTION 17; THENCE NORTH 00 DEGREES 00 MINUTES 45 SECOND EAST, A DISTANCE OF 825.00 FEET; THENCE NORTH 89 DEGREES 48 MINUTES 47 SECONDS WEST, A DISTANCE OF 531.27 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 15 SECONDS WEST, A DISTANCE OF 206.50 FEET TO THE TRUE POINT OF BEGINNING; THENCE NORTH 89 DEGREES 49 MINUTES 38 SECONDS WEST, A DISTANCE OF 266.67 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 45 SECONDS WEST, A DISTANCE OF 206.44 FEET THENCE SOUTH 89 DEGREES 50 MINUTES 26 SECONDS EAST, A DISTANCE OF 265.70 FEET; THENCE SOUTH 00 DEGREES 00 MINUTES 15 SECONDS EAST, A DISTANCE OF 206.50 FEET TO THE TRUE POINT OF BEGINNING. PERMANENT PARCEL NUMBER: 206-07-004U FIRST AMERICAN ORDER NO: 10843651

APN: 206-07-004U,

is allowed as a secured claim in the amount of $76,334.14, and as a general unsecured claim in the amount of $23,616.60. The following shall govern the treatment of the claim:

*Interest.* Interest at the fixed rate of 5% per annum shall accrue on the unpaid principal balance of the allowed secured claim from the effective date of this Plan until the allowed secured claim is paid in full.
*Payment Schedule.* Beginning on the effective date of this Plan, the balance of $76,334.14 shall be amortized over a 360 month period in monthly payments of $409.78. In addition, Debtors shall pay taxes and maintain insurance at their own expense through an escrow account with the holder of the claim in this class, established on terms consistent with this Plan. All payments shall be applied first to interest, then to principal.
*Lien.* Until payments are completed under this Plan, this class shall maintain its pre-petition lien. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.
*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.
*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

IT IS FURTHER ORDERED, pursuant to Section 8.02 of the Plan, enjoining all creditors and other parties in interest from commencing or continuing any action, employing any process, or commencing any act, to collect, recover, or offset any such debt, as a liability of the debtor, or from property of the debtor, and from charging late fees, collection fees, or any other penalties, except as provided in the Plan. As to debts which may be discharged, this injunction shall expire on the date an order entered on Debtors' application for discharge under paragraph 8.05 of the

Plan becomes final and non-appealable. As to debts which may not be discharged, this injunction shall apply after the term of the Plan only to bar late fees, collection fees, or other penalties which would otherwise arise before that date.

IT IS FURTHER ORDERED that the confirmation of this plan does not constitute a discharge of the debts of the debtor, though Debtors may reopen the case for entry of a discharge as set forth in the Plan and in Section 1141(d) of the Bankruptcy Code.

IT IS FURTHER ORDERED that any claims for professional fees incurred before confirmation, any other administrative claims, and any other timely claims not previously filed, scheduled or determined, shall be barred if not filed within thirty days after entry of this order.

SIGNED AND DATED ABOVE.

25921-001\618104.docm